```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :     19cv11691 (DLC)
ARISBEL GUSMAN,                          :
                                         :          ORDER
                    Plaintiff,           :
          -v-                            :
                                         :
THE CITY OF NEW YORK; NEW YORK CITY      :
DEPARTMENT OF CORRECTION ("DOC"); NEW    :
YORK CITY POLICE DEPARTMENT ("NYPD");    :
BRONX COUNTY DISTRICT ATTORNEY'S         :
OFFICE; C.O. INVESTIGATOR PATRICIA       :
DOCKERY, DOC/IU SHIELD #559; C.O.        :
CRISTINA BREWLEY, DOC SHIELD #9949;      :
C.O. JACK, DOC SHIELD #U/K; C.O. JANE    :
DOE, DOC SHIELD #U/K; POLICE OFFICERS    :
JOHN DOE 1-4, SHIELD #U/K,               :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On December 20, 2019, Arisbel Gusman initiated this action against the New York City Police Department (the "NYPD"), New York City Department of Corrections (the "DOC"), the Bronx County District Attorney's Office (the "DA"), the City of New York (the "City"), and certain named and unnamed correction officers (the "Individual Defendants"). The complaint alleges that, in January 2019, Gusman was arrested and incarcerated while visiting family members at Rikers Island, after water-damaged reading materials that Gusman brought with her to the facility tested positive for synthetic cannabinoids ("K2") when a field test was administered on site. The complaint, which

seeks damages and declaratory relief, alleges six causes of action: (1) false arrest and false imprisonment in violation of 42 U.S.C. § 1983 against the Individual Defendants; (2) negligent hiring and training in violation of 42 U.S.C. § 1983 against the City, NYPD, and DOC; (3) malicious prosecution in violation of 42 U.S.C. § 1983 against the City; (4) state law false arrest and false imprisonment against all of the defendants; (5) unreasonable delay in arraignment in violation of New York Criminal Procedural Law § 140.20(1) against the City, NYPD, DOC, and DA; and (6) state law malicious prosecution against all of the defendants.

On February 27, 2020, the defendants moved to dismiss the claims for declaratory relief pursuant to Rule 12(b)(1) and (6), Fed. R. Civ. P.  The NYPD, DOC, and DA, as non-suable entities, moved to dismiss all of the claims against them pursuant to Rule 12(b)(6), and the City moved to dismiss the state law claim for unreasonable delay in arraignment pursuant to Rule 12(b)(6). The City also sought dismissal of Gusman's Monell claim, which the City identified as Gusman's § 1983 claim for malicious prosecution, rather than her § 1983 claim for negligent hiring and training.  Additionally, the City moved to dismiss any state law negligent hiring and training claim, although no such claim was asserted in the complaint.

On March 13, 2020, the parties informed the Court that they had agreed to defer briefing on the motion to dismiss to the extent it sought dismissal of Gusman's Monell claim.  The same day, the motion to dismiss the Monell claim and claims for declaratory relief were denied without prejudice to renewal.  As to the other claims of which the defendants sought dismissal, briefing on the motion to dismiss was ordered to proceed.

On June 3, Gusman opposed the defendants' motion to dismiss only to the extent it sought dismissal of the § 1983 claim for negligent hiring and training.  Because the City had sought dismissal of any state law claim for negligent hiring and training while no such claim had been asserted in the complaint, Gusman clarified that her negligent hiring and training claim, which alleges that the City "improperly trained" its correction officers and police officers in violation of § 1983, was brought under federal, not state, law.  Gusman further clarified that this federal claim alleges Monell liability for failure to train.  Thus, Gusman has requested that briefing on this claim be deferred pursuant to the March 13 Order that denied the motion to dismiss Gusman's Monell claim without prejudice to renewal.

On June 8, the City filed its reply brief in support of the February 27 motion to dismiss.  The City continues to seek

dismissal of Gusman's § 1983 claim for negligent hiring and training, arguing that it was inadequately pleaded under the standard used to evaluate Monell claims.

Accordingly, it is hereby

ORDERED that Gusman's § 1983 claim for negligent hiring and training is construed as a § 1983 claim alleging Monell liability for failure to train.  The City's motion to dismiss this claim, therefore, is denied without prejudice to renewal pursuant to the March 13 Order.  The City may seek dismissal of this claim at the time, if any, it renews its motion to dismiss Gusman's Monell claim.

IT IS FURTHER ORDERED that the NYPD, DOC, and DA's motion to dismiss all of the claims against them is granted, as is the City's motion to dismiss the state law claim for unreasonable delay in arraignment.  The claims remaining in this case are: (1) the § 1983 false arrest and false imprisonment claims against the Individual Defendants; (2) the § 1983 Monell failure to train claim against the City; (3) the § 1983 malicious prosecution claim against the City; (4) the state law false arrest and false imprisonment claim against the City and

Individual Defendants; and (5) the state law malicious prosecution claim against the City and Individual Defendants.

Dated:     New York, New York
           June 10, 2020

                                        _____
                                                 DENISE COTE
                                      United States District Judge